```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
TRUSTEES OF THE NEW YORK CITY           :
DISTRICT COUNCIL OF CARPENTERS          :
PENSION FUND, WELFARE FUND,             :
ANNUITY FUND, AND APPRENTICESHIP,       :      18 Civ. 7825 (LGS)
JOURNEYMAN RETRAINING,                  :
EDUCATIONAL AND INDUSTRY FUND, et al,   :      OPINION AND ORDER
                            Petitioners, :
                                        :
           -against-                    :
                                        :
PREMIER CONCRETE SERVICES, INC.,        :
                            Respondent. :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/28/2019

LORNA G. SCHOFIELD, District Judge:

The Trustees of the New York City District Council Of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor-Management Corporation (collectively, the "Funds") and The New York City District Council of Carpenters (the "Union") (collectively with the Funds, "Petitioners") move for summary judgment to confirm a July 19, 2018, Opinion and Default Award of Arbitrator (the "Award"). Petitioners also seek attorneys' fees, costs and post-judgment interest. Respondent Premier Concrete Services, Inc. has not appeared in this action and has not opposed the motion. For the reasons discussed herein, the motion is granted.

I.  **BACKGROUND**

The following uncontested facts are taken from the Award and evidence submitted in support of the Petition.

As a member of the General Contractors Association of New York, Inc. ("GCA"), Respondent was bound to GCA's collective bargaining agreement with the Union (the "CBA").

The CBA required Respondent to make contributions to the Funds for each hour that covered employees were paid, other than vacation and sick pay. The CBA further provided that if formal collection proceedings were instituted in a court of competent jurisdiction and judgment was rendered in favor of the Funds, the Funds were entitled to the unpaid contributions, interest, liquidated damages, attorneys' fees and costs. Alternatively, disputes regarding contributions could be submitted to arbitration, and the arbitrator would have "full and complete authority to decide any and all issues raised by the submission and to award appropriate damages."

The CBA also required Respondent to cooperate with audits of Respondent's books and records to ensure compliance with the contribution provisions. Under the Funds' collection policy (the "Collection Policy"), if an employer refuses to comply with an audit, the Funds "shall determine the estimated amount of the employer's delinquent contributions" using a specified formula.

In accordance with the audit policy, the Funds requested permission to examine Respondent's books and records, but Respondent did not comply. Thereafter, the Funds initiated arbitration and, using the formula specified in the Collection Policy, estimated that Respondent was liable for $1,604,363.76 in unpaid contributions.

The arbitrator sent Respondent, by regular and certified mail, a Notice of Hearing, advising Respondent that an arbitration hearing would be held on July 18, 2018, at 10:00 a.m. The Notice of Hearing warned that "[f]ailure to appear may result in a default award against you." The arbitration hearing was held at the scheduled time, but Respondent failed to appear.

On July 19, 2018, the arbitrator issued the Award, finding that Respondent was delinquent in making the required contributions to the Funds. The arbitrator awarded the Funds $2,091,241.80, consisting of (1) the estimated delinquent funds, (2) interest, (3) liquidated

2

damages, (4) court costs, (5) attorneys' fees and (6) the arbitrator's fee. The arbitrator also awarded interest from the date of the Award, to accrue at a rate of 7% per annum.

On August 28, 2018, this action was commenced to confirm and enforce the Award pursuant to Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. Respondent was served with a Summons and Petition on August 30, 2018, and proof of service was filed with the Court on September 4, 2018. Respondent has not appeared or responded to Petitioners' Summons and Complaint. Consequently, the Court granted Petitioners' request that the Petition be deemed an unopposed motion for summary judgment.

## II. DISCUSSION

### A. Confirmation of the Arbitration Award

Section 301 of the LMRA "provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Trs. for the Mason Tenders Dist. Council Welfare Fund v. Super, L.L.C.*, No. 16 Civ. 6387, 2017 WL 2703572, at *2 (S.D.N.Y. June 22, 2017) (quoting *Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998)). "[G]enerally a district court should treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

A "federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential -- indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. Carpenters & Joiners of Am. v. Tappan Zee Constructors,*

*L.L.C.*, 804 F.3d 270, 275 (2d Cir. 2015). Under this "heightened standard of deference," vacatur of an arbitration award is appropriate only "if the arbitral award contradicts an express and unambiguous term of the contract or if the award so far departs from the terms of the agreement that it is not even arguably derived from the contract." *Id.* "It is the arbitrator's construction of the contract and assessment of the facts that are dispositive, 'however good, bad, or ugly.'" *Nat'l Football League*, 820 F.3d at 536 (quoting *Oxford Health Plans, L.L.C. v. Sutter*, 569 U.S. 564, 573 (2013)). The Award should be confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice." *Id.* at 537 (internal quotation marks omitted).

No genuine issues of material fact exist in this case. The Petition is uncontested and the Award "draws its essence" from the CBA. *See id.* Under the CBA, Respondent was required to make contributions to the Funds, and arbitration was specified as a means to resolve disputes over such contributions. The arbitrator heard testimony and received into evidence a summary report accounting for the Funds' damages estimate. Based on the uncontroverted evidence, Respondent was found to be delinquent in making contributions to the Funds. Pursuant to his authority to award "appropriate damages," the arbitrator awarded the principal, plus interest, liquidated damages, court costs, attorneys' fees and the arbitrator's fee. These damages are appropriate and consistent with what a court of competent jurisdiction was authorized to award in a collections proceeding under the CBA. In short, the arbitrator acted well within the scope of his authority, and Petitioner is entitled to confirmation of the Award. *See Nat'l Football League*, 820 F.3d at 537.

## B. Attorneys' Fees and Costs

"Section 301 of the [LMRA] does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award." *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985); *accord Trs. Of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 16, Civ. 6004, 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016). However, a court may award fees and costs in an LMRA case pursuant to its equitable powers. *See Odeon Capital Grp. L.L.C. v. Ackerman*, 864 F.3d 191, 198 (2d Cir. 2017). "As applied to suits for the confirmation and enforcement of arbitration awards, . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *See Int'l Chem. Workers Union*, 774 F.2d at 47 (internal quotation marks and citation omitted); *accord N.Y.C. Dist. Council of Carpenters v. New England Constr. Co., Inc.*, No. 16 Civ. 6608, 2017 WL 1967743, at *4 (S.D.N.Y. May 11, 2017).

Respondent has failed to justify its refusal to abide by the arbitrator's decision. Respondent did not participate in the arbitration proceeding after receiving notice, did not satisfy the Award and did not oppose the petition in this action. Petitioner is entitled to reasonable attorneys' fees and costs. *See Carpenters Pension Fund*, 2016 WL 7335672, at *3–4 (awarding fees and costs where employer agreed to arbitration, but failed to appear at the arbitration, satisfy the award or oppose a petition to confirm the award).

Petitioner submitted timesheets and background information about the attorneys who worked on this case. The timesheets reflect that counsel for Petitioners billed $1,262.50, reflecting 4.4 hours of work. Both the hourly rate and the number of hours worked are

reasonable. Petitioner also advanced $75 in service fees in connection with this matter. Accordingly, Petitioners are awarded $1337.50 in attorneys' fees and costs.

### C. Interest

The arbitrator awarded interest on the Award, to accrue at a rate of 7% per annum. Petitioners seek interest at the 7% rate from the date of the Award through the date of judgment, and at the statutory rate thereafter.

Petitioners are entitled to interest on the Award. The arbitrator awarded pre-judgment interest pursuant to the CBA; that interest now amounts to $101,067.14. Post-judgment interest at the statutory rate is awarded pursuant to 28 U.S.C. § 1961. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

## III. CONCLUSION

For the foregoing reasons, the petition for confirmation of the Award is GRANTED. Petitioners are entitled to $2,091,241.80 under the Award, plus $1,337.50 in attorneys' fees and costs and $101,067.14 in interest, for a total of $2,193,646.44. Post-judgment interest will accrue at the statutory rate, in accordance with 28 U.S.C. § 1961(a).

The Clerk of Court is respectfully directed to close the case.

Dated: March 28, 2019
      New York, New York

                                            **LORNA G. SCHOFIELD**
                                       **UNITED STATES DISTRICT JUDGE**